**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

AMERICAN IMMIGRATION LAWYERS
ASSOCIATION
1331 G Street, NW, Suite 300
Washington, DC 20005-3142,

        Plaintiff,

        v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES
Office of the Chief Counsel
20 Massachusetts Avenue NW
Washington, DC 20529

and

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY
Office of the General Counsel
3801 Nebraska Ave NW
Washington, DC  20528

        Defendants.

Civil Action No.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

    1.    Every year, U.S. employers seeking highly skilled foreign professional workers

submit petitions on the first business day of April for the limited pool of H-1B nonimmigrant

("specialty occupation") visa numbers[1] for which Defendant United States Citizenship and

---

[1]    In order for an individual to receive an H-1B classification, an employer must file
a nonimmigrant visa petition on the individual's behalf with USCIS. When USCIS approves the
petition, it allocates a visa number to the individual. Upon approval, an individual outside of the
United States must be issued a visa (by the U.S. Department of State, through a U.S. embassy or
consulate) and be admitted to the United States in H-1B status. USCIS also may approve a

Immigration Services ("USCIS") controls the allocation. With a yearly statutory limit of 65,000 H-1Bs available for new hires—and an additional 20,000 for foreign professionals who graduate with a master's or doctoral degree from a U.S. university—employer demand for H-1B workers has exceeded the number of H-1Bs available for more than ten years.  In recent years, the "statutory cap" has been reached only a few days after USCIS began accepting petitions.

   2. If Defendant USCIS determines that it has received more than enough petitions to meet the H-1B numerical limits at any time within the first five business days of the filing period, Defendant USCIS uses a computer-generated random selection process (or "lottery") to select H-1B petitions for adjudication from the petitions received during that time period, irrespective of when during the five business days the numerical limits were reached. *See* 8 C.F.R. § 214.2(h)(8)(ii)(B). Defendant USCIS prohibits an employer from filing more than one petition subject to the H-1B numerical limitations per fiscal year on behalf of the same individual.  8 C.F.R.  §  214.2(h)(2)(i)(G). U.S. employers, foreign nationals who are the beneficiaries of the H-1B petitions,[2] and immigration lawyers are keenly interested in obtaining more details about how the electronic random selection process works; what the process is for accepting or rejecting a petition for inclusion in the lottery (*i.e.*, what causes a petition to be rejected and not eligible for the lottery at all); and how USCIS determines how many petitions to select in the lottery (*i.e.*, how USCIS decides it has reached the number needed to meet the annual H-1B numerical limits, how USCIS keeps track of visa number usage and whether USCIS is actually allocating all of the available visa numbers).

---

change of status to H-1B, as part of the petition approval, if the individual is in the United States in a category for which USCIS permits a status change. Congress recognized this distinction in authorizing a limitation on the number of foreign nationals who "may be issued [H-1B] visas or otherwise provided [H-1B] nonimmigrant status." *See* 8 U.S.C. § 1184(g)(1)(A).

  [2] A "beneficiary" is the person on whose behalf the employer files a petition.

3.      Plaintiff American Immigration Lawyers Association ("AILA") brings this action to obtain the information needed to provide the public with an understanding of the operating procedures and policies that Defendant USCIS follows when administering the H-1B lottery. AILA seeks declaratory, injunctive and other appropriate relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the release of records (and portions of records) being wrongfully withheld by Defendant United States Department of Homeland Security ("DHS") and its component, Defendant USCIS.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA) and 28 U.S.C. § 1331 (federal question).

5.      Venue is proper in this jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e), as both Plaintiff and Defendants are located in the District of Columbia.

## THE PARTIES

6.      Plaintiff AILA, located in Washington, DC, is a nonpartisan, not-for-profit national organization of more than 14,000 lawyers and law professors practicing, researching, and teaching in the field of immigration and nationality law. Founded in 1946, AILA was established to promote justice, advocate for fair and reasonable immigration law and policy, advance the quality of immigration and nationality law and practice, and enhance the professional development of its members. As part of its mission, AILA provides continuing legal education to member and non-member attorneys and legal professionals, and provides daily updates on matters involving U.S. immigration law, policy, and procedure to its members and the general public via its website and other distribution methods. Public materials on AILA's website include but are not limited to government materials such as USCIS and Department of

- 3 -

Labor processing times, the Department of State Visa Bulletin, agency announcements, and invitations to stakeholder events, and proposed and enacted legislation. AILA also produces public materials such as press releases, topical fact sheets, legislative analysis, videos, comments on proposed and interim regulations and other materials, and is contacted frequently by national print and news media to provide guidance and resources on matters related to immigration law, policy, and procedure. Materials that AILA has previously obtained via FOIA that are published on its website are also available for viewing and download by the general public. AILA seeks the requested information for the purpose of disseminating it to its members and the general public.

7.      Defendant DHS is an executive agency of the U.S. government. DHS is responsible for enforcing and administering the U.S. immigration laws. DHS, an agency within the meaning of 5 U.S.C. § 552(f)(1), has possession and control over the records AILA seeks.

8.      Defendant USCIS is a component of DHS. USCIS is responsible for overseeing the receipt, processing, and adjudication of applications and petitions for U.S. immigration benefits, and for establishing policies and procedures relating to such benefits. USCIS has possession, custody, and control over the records AILA seeks.

## BACKGROUND

9.      Section 101(a)(15)(H)(i)(b) of the Immigration and Nationality Act ("INA") provides for the admission into the United States of temporary workers sought by petitioning U.S. employers to perform services in a specialty occupation. 8 U.S.C. § 1101(a)(15)(H)(i)(b). The procedures and restrictions on the admission of H-1B workers are set forth in 8 U.S.C. §§ 1182(n), 1184(g)(1)-(8), (h), (i), (n). DHS regulations in 8 C.F.R. § 214.2(h) and Department of Labor regulations in 20 C.F.R. Part 655 implement the statutory authority.

10.     Congress has established a cap of 65,000 regular H-1B visa numbers per fiscal year (FY). *See* 8 U.S.C. § 1184(g)(1). This includes up to 6,800 visa numbers per FY for the H-1B1 classification.[3] 8 U.S.C. § 1184(g)(8). An additional 20,000 H-1B visa numbers are available each FY without regard to the regular 65,000 cap if the beneficiary possesses a master's or higher degree from a U.S. university. *See* 8 U.S.C. § 1184(g)(5)(C).[4] After the 20,000 "master's degree" H-1B visa numbers have been allocated, individuals with master's degrees on whose behalf a new H-1B petition is filed are subject to the statutory cap of 65,000 visa numbers. *Id.* These 20,000 additional visa numbers are usually characterized as the H-1B "master's cap".

11.     Certain types of specialty occupation employment, such as employment at a nonprofit research organization, exempt a beneficiary from the 65,000 H-1B visa cap. These "cap exempt" employers may submit H-1B petitions at any time during the year, without regard to whether the statutory cap has been reached. *See* 8 U.S.C. § 1184(g)(5)(A)-(B). If a beneficiary is offered "cap subject" employment, and has not been counted within the preceding six years against the regular H-1B cap or the master's cap,[5] then the petitioning employer must submit the H-1B petition on the first business day in April of the fiscal year that precedes the fiscal year in

---

[3]     The H-1B1 classification is a separate category for temporary workers who are nationals of Chile or Singapore to provide services in a specialty occupation in accordance with legislation implementing the U.S.-Chile and U.S.-Singapore free trade agreements.

[4]     The statute requires that the beneficiary earned the advanced degree from a U.S. "institution of higher education," as defined in 20 U.S.C. § 1001(a), which imposes additional requirements, such as the school being a public or other type of nonprofit institution and having a certain type of accreditation.

[5]     Although exceptions exist, a beneficiary generally is limited to a six-year stay in the United States in H-1B status, at which point the beneficiary must be abroad for one year before becoming eligible for a new six-year period. A beneficiary who has been counted against a numerical cap any time during the preceding six years, and who has not reached the maximum period of stay, would not have to be counted again for the employer to petition for him or her. *See* 8 U.S.C. § 1184(g)(7); 8 C.F.R. § 214.2(h)(13)(iii)(A).

which the H-1B visa numbers will be available.[6] For example, for H-1B visa numbers available in FY 2016, which began on October 1, 2015, employers offering "cap subject" employment could submit H-1B petitions beginning on April 1, 2015.

12.     For the past four years, USCIS has reached the regular H-1B and master's cap limits within the first five business days in April.[7] By regulation, when the limits are reached during this time frame, USCIS will conduct a lottery to select which H-1B petitions it will adjudicate from all petitions submitted during the first five business days. *See* 8 C.F.R. § 214.2(h)(8)(ii)(B). The master's cap H-1B petitions are the subject of the first round of the lottery. *Id.* Those master's cap H-1B petitions not selected in the first round become eligible for selection in the next lottery round, where the 65,000 regular cap visa numbers are allocated. *Id.*

13.     The selection of an employer's petition in the H-1B lottery does not guarantee that the beneficiary of that petition will receive an H-1B visa number. After USCIS accepts an H-1B petition for filing, USCIS still must adjudicate the petition. If USCIS denies the petition, the visa number that would have been allocated to that petition had it been approved is available for another H-1B petition. USCIS has indicated that it accounts for this and other scenarios when

---

[6]     USCIS has designated the first business day in April as the first date on which the agency will accept cap-subject H-1B petitions because USCIS will not accept an H-1B petition earlier than "6 months before the date of actual need for the beneficiary's services." *See* 8 C.F.R. § 214.2(h)(9)(i)(B); *USCIS Will Accept H-1B Petitions for Fiscal Year 2017 Beginning April 1, 2016*, USCIS News Release (March 16, 2016), https://www.uscis.gov/news/news-releases/uscis-will-accept-h-1b-petitions-fiscal-year-2017-beginning-april-1-2016 (accessed May 19, 2016).

[7]     *USCIS Reaches FY 2014 H-1B Cap*, USCIS News Release (April 5, 2013), https://www.uscis.gov/news/alerts/uscis-reaches-fy-2014-h-1b-cap; *USCIS Reaches FY 2015 H-1B Cap*, USCIS News Release (April 7, 2014), https://www.uscis.gov/news/uscis-reaches-fy-2015-h-1b-cap; *USCIS Reaches FY 2016 H-1B Cap*, USCIS News Release (April 7, 2015), https://www.uscis.gov/news/news-releases/uscis-reaches-fy-2016-h-1b-cap; *USCIS Reaches FY 2017 H-1B Cap*, USCIS News Release (April 7, 2016), https://www.uscis.gov/news/news-releases/uscis-reaches-fy-2017-h-1b-cap (all accessed May 19, 2016).

the lottery is administered. *See* 8 C.F.R. § 214.2(h)(8)(ii)(B) ("USCIS will make projections of the number of petitions necessary to achieve the numerical limit of approvals, taking into account historical data related to approvals, denials, revocations, and other relevant factors") and (C) (USCIS "will take into account the unused number during the appropriate fiscal year" when an approved petition is revoked after the petitioner notifies USCIS that the beneficiary did not apply for admission to the United States). However, USCIS has not explained to the public how the H-1B lottery is administered or how numbers are allocated and tracked.

14.     The integrity of the H-1B lottery can only be evaluated if USCIS' actions are transparent. To that end, AILA filed a FOIA request with USCIS seeking detailed information about the H-1B lottery, as described in paragraph 15 below.

## PLAINTIFF'S FOIA REQUEST AND DEFENDANTS' FAILURE TO COMPLY WITH FOIA

15.     By letter dated November 30, 2014, AILA submitted a FOIA request to USCIS ("FOIA Request") in which it requested all records that were prepared, received, transmitted, collected and/or maintained by USCIS and that relate or refer to the following:

- USCIS operating procedures and policies on the administration of the annual H-1B random selection process (or "lottery"), as described in 8 C.F.R. § 214.2(h)(8)(ii)(B), (C), and (D) including but not limited to:

  o Records that describe and/or explain the intake procedures for cap-subject cases, including how such cases are identified upon intake, received, and processed (either accepted or rejected) at each filing location;

  o Records that describe the reasons why a cap-subject petition might be rejected upon receipt, returned to the petitioner, and not included in the lottery pool;

  o Records which explain how USCIS determines when it has received a sufficient number of H-1B petitions to reach the statutory cap of 65,000 regular H-1B visas and 20,000 master's cap H-1B visas for the relevant fiscal year, including how USCIS determines the "final receipt date";

o   Records that describe and/or explain how the random selection process is conducted for the master's cap lottery, how such petitions are randomly selected, how each service center is notified of lottery "winners," and how master's cap cases are then reassigned to the regular cap lottery;

o   Records that describe and/or explain how the random selection process is conducted for the regular cap lottery, how such petitions are randomly selected, and how each service center is notified of lottery "winners"; and

o   Records that describe how USCIS tracks and counts unused H-1Bs for each fiscal year and takes into account such unused numbers during the appropriate fiscal year in accordance with 8 C.F.R. § 214.2(h)(8)(ii)(C).

*See* Exhibit 1.

16.   By letter dated December 4, 2014, USCIS acknowledged receipt of the FOIA Request and assigned it case number COW2014000817. USCIS also informed AILA that, pursuant to 5 U.S.C. § 552(a)(6)(B), it would take a 10-working day extension due to "unusual circumstances." *See* Exhibit 2.

17.   In its response to the FOIA Request by letter dated April 14, 2015 ("FOIA Response"), USCIS identified 521 pages of responsive records. Of those responsive records, 127 pages were withheld in full, 228 pages were released in part, and 166 pages were released in their entirety. *See* Exhibit 3. Records released in part were heavily redacted.

18.   On June 12, 2015, AILA filed an administrative appeal in connection with the FOIA Response ("FOIA Appeal"), challenging the withholding of records under FOIA exemptions (b)(3), (b)(4) and (b)(5). *See* Exhibit 4. These exemptions apply as follows:

•   Exemption (b)(3) protects information specifically exempted from disclosure by statute, provided that the statute clearly mandates withholding without room for discretion or establishes particular withholding criteria or refers to particular types of matters to be withheld. *See* 5 U.S.C. § 552(b)(3).

•   Exemption (b)(4) protects trade secrets and commercial or financial information obtained from a person that is privileged or confidential. *See* 5 U.S.C. § 552(b)(4).

- 8 -

- Exemption (b)(5) protects inter-agency or intra-agency memoranda or letters, which would not be available to a party other than an agency in litigation with the agency. *See* 5 U.S.C. § 552(b)(5).

On June 18, 2015, AILA sent USCIS a letter authorizing attorney representation in this matter.

*See* Exhibit 5.

19.    In particular, AILA appeals the withholding of records (or portions of records) on

the basis that:

- FOIA Exemption (b)(3) does not apply because USCIS purportedly withheld information pursuant to 26 U.S.C. § 6103 of the Internal Revenue Code, but the FOIA Response did not explain how any of the withheld records (or portions thereof) concern "returns and return information" under the Internal Revenue Code so as to be information specifically exempted from disclosure by statute as this exemption requires;

- FOIA Exemption (b)(4) does not apply because the FOIA Response did not explain how the withheld records (or portions thereof) are trade secrets, commercial, or financial information, and the withholdings appear to have been made merely because the records were created by a third-party ( *i.e.*, "Long View-FedConsulting JV") who is a contractor or agent of the government; and

- FOIA Exemption (b)(5) does not apply because the FOIA Response did not explain how the withheld records (or portions thereof) would be unavailable to AILA in litigation, giving no indication as to which communications were allegedly withheld on the basis of attorney-client privilege, contemplation of litigation, or as being pre-decisional.

*See* Exhibit 4.

20.    AILA also appealed USCIS' failure to conduct an adequate search for responsive

records "that describe how USCIS tracks and counts unused H-1Bs for each fiscal year and takes

into account such unused numbers during the appropriate fiscal year in accordance with 8 C.F.R.

§ 214.2(h)(8)(ii)(C)" because no such records appeared to have been disclosed. *See* Exhibit 4.

21.    Finally, AILA appealed the withholding of any records without a Vaughn index

detailing the withholdings and explaining the rationale for each of them.

22.     By letter dated July 16, 2015, USCIS acknowledged receipt of the FOIA Appeal and assigned it control number APP2015001099. *See* Exhibit 6.

23.     In response to the FOIA Appeal, by letter dated July 21, 2015, USCIS released an additional 1 page in full and 218 pages in part ("Response to Appeal").[8] *See* Exhibit 7. Nearly all of the pages released in part were almost entirely redacted.

24.     Having completed the appeals process without receiving all of the responsive records requested from USCIS, AILA has exhausted all administrative remedies with respect to its FOIA Request. *See* 5 U.S.C. § 552(a)(6)(C)(i).

25.     As a result of USCIS' failure to conduct an adequate search and its withholding of records, AILA has been denied information about how USCIS conducts the H-1B lottery and AILA is unable to disseminate such information to its members or to the general public.  The agency's lack of transparency precludes informed consideration as to whether the following processes are in accordance with the law and with DHS implementing regulations: the acceptance or rejection of petitions for random selection; the random selection of petitions; the determination of how many petitions to select; the tracking of visa number usage; and, the allocation of H-1B visa numbers.

### FIRST CAUSE OF ACTION

### Violation of the Freedom of Information Act for
### Failure to Conduct an Adequate Search

26.     AILA repeats and realleges paragraphs 1-25 above.

27.     AILA has a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(A), to the records it requested. No legal basis exists for the failure by DHS and USCIS to make reasonable efforts to

---

[8]     While the Response to Appeal indicates that 218 additional pages were released in part or full, AILA received an additional 219 pages.

identify responsive records "that describe how USCIS tracks and counts unused H-1Bs for each fiscal year and takes into account such unused numbers during the appropriate fiscal year in accordance with 8 C.F.R. § 214.2(h)(8)(ii)(C)." Defendants' failure to conduct an adequate search violates 5 U.S.C. § 552(a)(3)(A), (a)(3)(C) and DHS regulations at 6 C.F.R. §§ 5.4-5.6.

28.    AILA is entitled to declaratory and injunctive relief compelling an adequate search for the requested records.

## SECOND CAUSE OF ACTION

### Violation of the Freedom of Information Act for
### Failure to Disclose Agency Records

29.    AILA repeats and realleges paragraphs 1-25 above.

30.    AILA has a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(A), to the records it requested. No legal basis exists for the failure by DHS and USCIS to disclose the requested records. Defendants' wrongful withholding of agency records (or portions thereof) sought in AILA's FOIA Request violates 5 U.S.C. § 552(a)(3)(A), (a)(3)(C) and DHS regulations at 6 C.F.R. §§ 5.4-5.6.

31.    AILA is entitled to declaratory and injunctive relief compelling the release and disclosure of the requested records.

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiff AILA requests that this Court grant the following relief:

a) Declare that Defendants DHS and USCIS failed to respond to AILA's FOIA request and administrative appeal within the time required by FOIA and that no unusual or exceptional circumstances exist:

b) Declare that the withholding of the requested records by Defendants DHS and USCIS in response to AILA's FOIA request is unlawful;

c)  Order Defendants DHS and USCIS to conduct an adequate search for records responsive to AILA's FOIA request;

d)  Order Defendants DHS and USCIS to disclose the requested records in their entirety to AILA without delay and without imposing any search costs;

e)  Award AILA its costs and reasonable attorneys' fees pursuant to FOIA, 5 U.S.C. § 552(a)(4)(E); and

f)  Award such other relief as this Court deems just and proper.

Dated: May 20, 2016                      Respectfully submitted,

*Leslie K. Dellon*

Leslie K. Dellon (D.C. Bar #250316)
 LDellon@immcouncil.org
Melissa E. Crow (D.C. Bar #453487)
 MCrow@immcouncil.org
AMERICAN IMMIGRATION COUNCIL
1331 G Street, NW, Suite 200
Washington, DC 20005
Telephone: (202) 507-7530; Facsimile: (202) 742-5619

Matthew J. Piers (*pro hac vice* admission pending)
 MPiers@hsplegal.com
Kate E. Schwartz (*pro hac vice* admission pending)
 KSchwartz@hsplegal.com
HUGHES SOCOL PIERS RESNICK & DYM, LTD.
70 W. Madison Street, Suite 4000
Chicago, IL 60602
Telephone: (312) 604-2606; Facsimile: (312) 604-2607

*Attorneys for Plaintiff*